EXHIBIT
a

STATE OF MAINE                                        SUPERIOR COURT
KENNEBEC, ss                                          DOCKET NO. C.V. - 12-289

ROSEMARY S. KELLEY              )
of Friendship, County of Knox   )
State of Maine.                 )
                                )
          Plaintiff             )
                                )         COMPLAINT
v.                              )
                                )
MARY MAYHEW, in her official capacity )
as Commissioner, State of Maine )
Department of Health and Human  )
Services                        )
                                )
STATE OF MAINE, Department of   )
Health and Human Services, Division )             NOV 19 2012
Of Licensing and Regulatory Services )
                                )
          Defendants            )

Plaintiff Rosemary S. Kelley hereby complains against Defendants as follows:

PARTIES

(1) Plaintiff Rosemary S. Kelley is a resident of Friendship, Knox County, Maine.

(2) Defendants are Mary Mayhew, in her official capacity as Commissioner of the State of

Maine's Department of Health and Human Services, and the State of Maine.

ADMINISTRATIVE PROCEEDINGS

(3) Plaintiff Rosemary S. Kelly filed a timely complaint under oath with the Maine Human Rights

Commission against the State of Maine alleging unlawful discrimination on the bases alleged herein.

(4) The Commission investigated the complaint and did not find reasonable grounds to believe

that unlawful discrimination occurred.

1

(5) This Court has jurisdiction over this Maine Human Rights action pursuant to 5 M.R.S.A. §4621.

## FACTUAL ALLEGATIONS

(6) Since childhood and all material times Plaintiff Rosemary Kelley has been an individual with hearing loss who requires and wears hearing aids.

(7) At all material times Plaintiff Kelley's hearing loss has constituted a "physical disability" within the meaning of the Maine Human Rights Act and a "physical impairment" that substantially limits her in the major life activity of hearing within the meaning of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

(8) Plaintiff Kelley is a qualified individual with a disability in that she can with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication or transportation barriers or the provision of auxiliary aids and services meet the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

(9) In September 2010 Plaintiff Kelley was employed by Sonshine Nursery School in Friendship, Maine as a teacher's assistant.

(10) Plaintiff Kelley had been employed in the same position by Sonshine Nursery School for thirty one years.

(11) On or about September 17, 2010 Community Care Worker Brian McAuliffe, an employee of the State of Maine's Division of Licensing and Regulatory Services, visited Sonshine Nursery School to conduct a survey following Sonshine Nursery School's application for renewal of its license.

(12) During McAuliffe's visit he observed the staff at work and became concerned about Plaintiff Kelley's ability as a result of her hearing loss to effectively supervise the children under Sonshine Nursery School's care.

(13) McAuliffe had no training or expertise in hearing loss.

(14) McAuliffe did not request or review Plaintiff Kelley's audiograms or ask for a report from her audiologist.

(15) McAuliffe did not inform Plaintiff Kelley that he believed that due to her hearing loss she could not effectively supervise children.

(16) Plaintiff Kelley noticed herself being observed and asked McAuliffe if there was anything wrong. He said that there was no problem.

(17) McAuliffe told the Director of Sonshine Nursery School that he was concerned that Plaintiff Kelley would not be able to hear and respond to the children in emergency situations.

(18) From September 17, 2010 until November 20, 2010 Plaintiff Kelley was never told by any employee of the Division of Licensing and Regulatory Services or by any employee at Sonshine Nursery School about McAuliffe's concerns and actions.

(19) The regulations of the Division of Licensing and Regulatory Services for child care facilities do not require that child care staff be able to hear. The relevant regulations require staff to provide safe and compassionate services. More specifically, the regulations state that each child shall be supervised by a staff member who is aware of and responsible for the ongoing activity of each child and who is near enough to the child to intervene when needed.

(20) The regulations of the Division of Licensing and Regulatory Services require that there be one adult present for every twelve children in a nursery school building.

3

(21) The class that Plaintiff Kelley helped to supervise had thirteen children and two staff, one of which was Plaintiff Kelley. If Plaintiff Kelley did not count in the staff to child ratio, a new staff member would have to be hired.

(22) McAuliffe determined that Plaintiff Kelley could not be counted in the staff to child ratio.

(23) The Division of Licensing and Regulatory Services renewed Sonshine Nursery School's license to operate a child care facility on September 21, 2010 with the understanding that any requested corrects would be made by Sonshine Nursery School within a reasonable time.

(24) On October 29, 2010 in an email to his supervisor McAuliffe stated, "Unless another staff is available, licensing action will need to be taken on the license, due to the facility not meeting proper staff-child ratios."

(25) On November 22, 2010 Plaintiff Kelley was told in person and in writing by the Chairman of the Board of Sunshine Nursery School that she would have to be replaced because of the licensing issue and that her job would be terminated on December 23, 2010.

(26) Plaintiff Kelley asked Sonshine Nursery School that she be given a chance to get new hearing aids. Expressing concerns about its license, Sunshine Nursery School refused to consider her request.

(27) In December 2010 Plaintiff Kelley contacted McCauliffe and the Division of Licensing and Regulatory Services multiple times. In a December 28, 2010 email to McCauliffe Plaintiff Kelley explained that she had worn hearing aids all the 31 years she worked at the school and that she needed new hearing aids, which she hoped she would be getting shortly. She told McCauliffe that it been the worst nightmare of her life to be told she was unsafe for the children she loved and to be fired She wanted to find out what she did that was so terribly wrong and see that it was corrected so she could continue working with children.

4

(28) The Division of Licensing and Regulatory Services offered no options or advice to Plaintiff Kelley so that she could continue working with children.

(29) Plaintiff Kelley has experienced and continues to experience significant financial loss, mental anguish, and emotional stress as a direct result of the Defendants determination that she could not count in the staff to child ratio at Sonshine Nursery School.

## COUNT 1

(Maine Human Rights Act –Unlawful Discrimination)

(30) Plaintiff Kelley re-alleges and herby incorporates by reference Paragraphs 1 -29 as if set forth in their entirety.

(31) Plaintiff Kelley is a qualified individual with a disability.

(32) Defendant State of Maine, Department of Health and Human Services, Division of Licensing and Regulatory Services is a public accommodation.

(33) Defendants discriminated against Plaintiff Kelley by refusing to count her in the staff to child ratio at Sonshine Nursery School.

(34) Defendants discriminated against Plaintiff Kelley by its utilization of standards or criteria or methods of administration.

(35) As such, Defendants violated the Maine Human Rights Act, 5 M.R.S.A. § 4592(1.) and 5 M.R.S.A. §4592(7).

(36) As a result of Defendants' actions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering and other nonpecuniary losses.

## COUNT II

(Americans with Disabilities Act – Unlawful Discrimination)

(37) Plaintiff Kelley re-alleges and hereby incorporates by reference Paragraphs 1-36 as if set forth in their entirety.

(38) Plaintiff Kelley is a qualified individual with a disability.

(39) Defendant State of Maine, Department of Health and Human Services, Division of Licensing and Regulatory Services is a public entity as defined in 42 U.S.C. §12131 (1).

(40) Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

(41) Defendants intentionally discriminated against Plaintiff Kelley in violation of Title II of the ADA, 42 U.S.C. §12132 by refusing to count her in the staff to child ratio at Sonshine Nursery School.

(42) As a result of Defendants' actions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering and other nonpecuniary losses.

## COUNT III

(Section 504 of the Rehabilitation Act)

(43) Plaintiff Kelley re-alleges and hereby incorporates by reference Paragraphs 1- 42 as if set forth in their entirety.

(44) Plaintiff Kelley is a qualified individual with a disability.

(45) Defendant State of Maine, Department of Health and Human Services, Division of Licensing and Regulatory Services is a recipient of federal financial assistance.

(46) Section 504 of the Rehabilitation Act, 29 U.S.C. §794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may be subject to discrimination under any program or activity receiving Federal financial assistance.

(47) Defendants discriminated intentionally or with deliberated indifference against Plaintiff Kelley by refusing to count her in the staff to child ratio at Sonshine Nursery School in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

(48) As a result of Defendants' actions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering and other nonpecuniary losses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order providing as follows:

A. To enter judgment declaring that the State of Maine's practices complained of herein are unlawful as alleged;

B. To order Defendant to promulgate written policies and procedures to ensure that Defendant carries out licensing of child care facilities in a nondiscriminatory manner.

C. To order the State of Maine to pay Plaintiff Kelley appropriate civil penal damages pursuant to the Maine Human Rights Act.

D. To award compensatory damages to Plaintiff.

E. To award Plaintiff attorney's fees and costs.

F.  To award Plaintiff any and all other relief as may be necessary and appropriate.

Dated: *November 17, 2012*

Respectfully submitted,

*M Elizabeth Gallie*
M Elizabeth Gallie, Esq. Bar No. 3677

Maine Center on Deafness
68 Bishop Street
Portland, Maine 04103
(207) 797 7656